# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: JESUS M. CANO,  No. 13-08-11860 JA

Debtor.

## ORDER ON CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

THIS MATTER is before the Court on the Supplemental Motion to Dismiss (Docket No. 113) filed by the Chapter 13 Trustee. The Court held a final hearing on the Motion to Dismiss on September 19, 2011, and took the matter under advisement. The Chapter 13 Trustee seeks dismissal of the Debtor's Chapter 13 case based on the Debtor's failure to turn over to the Chapter 13 Trustee state and federal tax refunds for tax years 2008 and 2010 as required under the terms of the Debtor's confirmed Chapter 13 plan. The Debtor introduced evidence at the final hearing that the Internal Revenue Service ("IRS") applied an overpayment of $8,323.00 attributable to tax year 2008 (the "2008 tax refund") to the Debtor's unpaid taxes for tax years 2005 and 2006. The Debtor asserts that because he did not receive the tax refund for tax year 2008, he is not obligated to turnover $8,323.00 to the Chapter 13 Trustee and his case should not be dismissed. The Chapter 13 Trustee contends that because the Debtor did not schedule any pre-petition tax obligation or otherwise give the IRS notice of the bankruptcy case, the IRS setoff the 2008 tax refund instead of making it available to pay other creditors. The Chapter 13 Trustee requests the Court to dismiss the Debtor's Chapter 13 case because of the Debtor's failure to schedule the claim of the IRS or otherwise give the IRS notice of the bankruptcy case.

After consideration of the evidence presented at the final hearing held September 19, 2011, and being otherwise sufficiently informed, the Court concludes that the Motion to Dismiss should be denied, and in connection therewith FINDS AND CONCLUDES:

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 10, 2008.[1]

2. The Debtor did not list the IRS as a creditor in the schedules filed on the petition date or otherwise give the IRS notice of the commencement of the bankruptcy case.

3. The Order Confirming Chapter 13 Plan Dated June 10, 2008 included the following provisions: 1) Debtors shall provide a copy of their state and federal tax returns annually to the trustee within 10 days of filing and shall remit annually to the trustee the amount of all state and federal tax refunds, less only any taxes owed for such year, for tax years 2008 through 2011 inclusive; 2) the Debtor has satisfied the requirements of 11 U.S.C. § 1325(a)(9) in that all Federal, State and local tax returns have been filed; and 3) that the Debtor will make three payments of $280.00 beginning June 18, 2008, and fifty-seven payments of $417.00 beginning October 1, 2008. *See* Docket No. 49.

4. On July 28, 2010, the Chapter 13 Trustee filed a Motion to Dismiss, asserting that the Debtors had failed to provide the Chapter 13 Trustee with copies of tax returns and have failed to turn over to the Chapter 13 Trustee "any net refunds for tax years 2008 and 2009." *See* Docket No. 72.

5. On April 26, 2011, an Order on Chapter 13 Trustee's Motion to Dismiss was entered that stated that the Chapter 13 Trustee had received copies of the following tax returns for the Debtors:

| Jesus Cano | Federal tax return | tax year 2008 | "married filing separately" |
|---|---|---|---|
| Jesus Cano | Amended state tax return | tax year 2008 | "married filing jointly" |
| Jesus Cano | State tax return | tax year 2009 | "single" |
| Theresa Maltos | Federal tax return | tax year 2008 | "head of household" |

---

[1] Jesus Cano and Theresa Maltos filed a joint petition. Theresa Maltos was dismissed from this bankruptcy case on July 11, 2011. *See* Docket No. 111.

2

| Theresa Maltos | State tax return | tax year 2008 | "head of household" |
| Unsigned | Amended Federal Tax Return | tax year 2008 | "married filed jointly" |
| Unsigned | Amended State tax return | tax year 2008 | "married filed jointly" |

*See* Docket No. 107.

6.   The Chapter 13 Trustee filed the Supplemental Motion to Dismiss on July 19, 2011.

7.   The deadline for a governmental unit to file a proof of claim in the Debtor's bankruptcy case was December 7, 2008.

8.   The IRS did not file a proof of claim in the Debtor's bankruptcy case.

9.   The Debtor did not know that he owed federal taxes for pre-petition tax years when he filed his voluntary petition.

10.   At some time in 2009, the Debtor learned that the IRS was claiming that he owed taxes for tax years 2005 and 2006.

11.   The Debtor does not believe that he owes federal taxes for tax years 2005 and 2006 and sent information to the IRS attempting to establish that no taxes were due.

12.   The Debtor did not know that he was obligated to amend his schedules and notify the IRS of the pendency of the bankruptcy case upon learning that the IRS was asserting that he owed taxes for pre-petition tax years.

13.   After learning of the disputed claims of the IRS, the Debtor did not file an amended schedule to list the pre-petition tax claims of the IRS, or otherwise give the IRS notice of the bankruptcy case.

3

14. A letter from the IRS dated September 3, 2010 states that an overpayment of $8,323.00 relating to the Debtor's 2008 tax return was applied to outstanding taxes due for tax years 2005 and 2006.

15. The Debtor did not receive any funds from the IRS as a refund for tax year 2008 because the IRS applied the 2008 tax refund to his obligations to the IRS for tax years 2005 and 2006.

16. The right to a tax refund arises at the end of the tax year. *See In re Midkiff,* 271 B.R. 383, 386 (10th Cir. BAP 2002)("A debtor's right to a federal income tax refund arises at the end of the tax year and not on the day of the filing of the tax return.")(citing *In re Glenn,* 207 B.R. 418, 420 (E.D.Pa. 1997) and *In re Haizlett,* 261 B.R. 393, 395 (Bankr.W.D.Pa. 2000)). *See also, In re Graybeal,* 1993 WL 851378, *3 (Bankr.W.D.Okla. 1993)(discussing two conflicting lines of cases and concluding that the end of the taxable year is the date the right to refund arises).

17. The Debtors' right to the tax refund for tax year 2008 arose post-petition, at the end of the tax year on December 31, 2008.

18. "The [Bankruptcy] Code permits the IRS to offset refunds attributable to tax years prior to filing against claims for pre-petition taxes, even 'if the refund was not technically owing until after the commencement of the debtor's case.'" *In re Blagg,* 372 B.R. 502, 510 (Bankr.D.Kan. 2007)(quoting 5 Collier on Bankruptcy ¶ 553.03(2)(b)(i))(remaining citation omitted).

19. However, there very well may be a lack of mutuality that would prevent the IRS from setting off the entire 2008 tax refund against 2005 and 2006 taxes. *See* 11 U.S.C. § 553 (providing that mutual debts that arise before the commencement of the case are subject to

4

setoff); *In re Franklin Sav. Corp.,* 177 B.R. 356, 358 (Bankr.D.Kan. 1995)(explaining that a creditor's right to setoff exists when (i) the debt owed by the creditor to the debtor arose pre-petition; (ii) the claim of the creditor against the debtor also arose pre-petition; (iii) the debt and the claim are mutual obligations; and (iv) a right to setoff of the debts exists under non bankruptcy law). *See also, Davidovich v. Welton (In re Davidovich),* 901 F.2d 1533, 1537 (10th Cir. 1990)(explaining that the doctrine of setoff "grants a creditor the right 'to offset a mutual debt owing by such creditor to the debtor' so long as both debts arose before the commencement of the bankruptcy action and are indeed mutual.")(quoting *Tradex, Inc. v. U.S. (In re IML Freight, Inc.),* 65 B.R. 788, 791 (Bankr.D.Utah 1986)).[2]

20. Generally, a debtor is not obligated to recover an improper offset for the benefit of the bankruptcy estate. *Cf. In re Henderson,* 2007 WL 4410222, *3 n.18 (Bankr.D.Kan. 2007)(a Chapter 7 case)(citing *Blagg,* 371 B.R. at 511), *aff'd, In re Sherlock,* 2008 WL 4277719 (D.Kan. 2008).

21. The Chapter 13 Trustee's record of the Debtor's payment history admitted into evidence at the final hearing held September 19, 2011, reflects two payments in an amount different than the regular monthly plan payment: 1) a payment of $74.00 on September 21, 2010; and 2) a payment of $137.00 on October 15, 2010. These payments represent the state and federal tax refunds for tax year 2009.

---

[2] There is case law suggesting that a Chapter 13 debtor's tax refund attributable to pre- and post-petition periods should be pro-rated for purposes of offset. *See, e.g., Wilson v. Internal Revenue Service (In re Wilson),* 29 B.R. 54 (Bankr.W.D.Ark. 1982)(holding that federal tax refund could be offset against debtor's unpaid federal taxes, prorated to take into account the post-petition period attributable to the refund). For purposes of determining what portion of a federal tax refund constitutes property of the Chapter 7 bankruptcy estate, some courts pro-rate the portion of the refund attributable to pre-petition taxes. *See, e.g., In re Middendorf,* 381 B.R. 774, 778 (Bankr.D.Kan. 2008)(explaining that "the tax refund is allocated proportionately between pre- and post-petition based on the number of calendar days before and after the petition . . . [so that] if the debtor files in the middle of the year, the estate receives 50 percent of the refund and the debtor receives 50 percent of the refund.").

5

22. No evidence of the amount of the 2010 state and federal tax refunds was presented at the final hearing on September 19, 2011.

23. As of September 19, 2011, the Debtor is one monthly payment in arrears under the confirmed plan in the amount of $417.00.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED, conditioned upon the following:

A. Payment of the arrears in the amount of $417.00 to the Chapter 13 Trustee on or before December 1, 2011.

B. By December 31, 2011, either:

1) Payment by the Debtor of $4,161.50 to the Chapter 13 Trustee, representing one-half of the amount of the tax refund for the 2008 tax year[3]; or

2) At the Debtor's expense the Debtor commencing and diligently prosecuting an adversary proceeding against the Internal Revenue Service seeking return of the 2008 refund for the benefit of the estate to the extent attributable to a post-petition period; or

3) The Debtor obtaining from the Chapter 13 Trustee her written direction that she wishes to commence such an adversary proceeding instead of the Debtor.

FURTHER ORDERED, that if the Debtor fails to comply with either of the two requirements set forth above, the Chapter 13 Trustee may submit an order dismissing this Chapter 13 case without further notice or a hearing.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: October 26, 2011

---

[3] If the Debtor makes this payment to the Chapter 13 Trustee and the Trustee recovers all or a part of the 2008 tax refund, the Debtor may seek reimbursement.

COPY TO:

David N. Hernandez
Attorney for Debtor
2221 Rio Grande Blvd. NW, #100
Albuquerque, NM 87104

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102

Jesus M. Cano
2708 Fantozzi Road SW
Albuquerque, NM 87105

7